```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---

UNITED STATES OF AMERICA

       - against -

GARY KISS,

               Defendant.

04 Cr. 248 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

The Court has reviewed the attached application for a Certificate of Relief from Civil Disabilities. The Government should respond to the application by **September 25, 2020,** and provide the views of the Probation Department.

SO ORDERED.

Dated:  New York, New York
         September 14, 2020

                                          John G. Koeltl
                                      United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2020

**Gary M. Kiss**
21 Leatherstocking Street Cooperstown, NY 13326
(646) 341-3632 | garyk212@gmail.com

September 8, 2020
Hon. John G. Koeltl
District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 14A
New York, NY 10007-0107



Re: Case Number 04-CR-0248

Dear Judge Koeltl,

I am writing to you today in order to obtain a Certificate of Relief From Civil Disabilities: I am hoping that this letter demonstrates my ability to qualify.

My arrest was on February 19, 2004. My remand date was on November 1, 2004. My sentencing was on June 2, 2005, which was for 3 Felony counts, to be served concurrently, for a term of 60 months, all being related to my addiction to Methamphetamine. Due to my severe substance abuse problem, and your request for mandatory treatment, I qualified for the 9 months federal drug program in Lewisburg, PA. With good time and the drug program I was able to serve 37 months out of the 60 months sentence that was imposed. In addition, I paid off my fines, as directed by the court on August 4, 2005 and the balance due on March 3, 2008.

During my incarceration in the drug program, I worked with several addicts who wanted to learn the 12 steps of AA and NA in order to prepare for life on the outside. I also got permission from my drug counselor to run a 26-week course on the 12 steps and 12 traditions of the AA and NA path to recovery. Being a mentor for these other inmates was rewarding and it also helps to keep me sober. It's like a buddy system, you help them and they help you.

During my stay at the halfway house, I secured immediate employment as a headhunter for the Drayer Search Group and built a 5-year career there. I also obtained my Bachelor of Science Degree in Community and Human Services, from SUNY Empire State College, with a 3.89 gpa, while simultaneously working as an Executive Search Recruiter. Upon graduation from SUNY, I received a scholarship to attend Yeshiva University's Master's in Social Work Program, with a concentration in becoming a Substance Abuse Counselor. I passed the CASAC exam to become a substance abuse counselor trainee on May 14, 2012. I do still need to complete the MSW program, which I plan to do later next year through YU's

distance online learning program. I also have to complete another 4000 hours of supervision in order to qualify to receive my full CASAC. All the while, I continue to attend meetings for AA, NA, and CMA in order to remain sober. I also sponsor other addicts living with HIV, in order for them to achieve sobriety. I have also chaired these meetings in order to facilitate other people's recovery from addiction.

My counselors from rehab suggested I find a quieter life, than continuing to live in NYC, so when I completed my supervised release, I moved to the Village of Cooperstown in upstate NY. I purchased a home on December 14, 2014, at the above address, and continue to live a productive life here in Cooperstown.

Since I have a background from Wall Street and want to continue my philanthropic endeavors; I joined the Rotary Club of Cooperstown. In order to utilize my expertise, I serve on the Cooperstown Rotary Foundation Board as a member of the Investment Committee, where I am responsible for keeping track of the club's finances, working directly with the Treasurer, in the filing of the 501{c}3 taxes. I also serve on the Board of Directors for the Cooperstown Rotary Club, where my responsibilities include, but are not limited to, fundraising. I just took on the project of helping our local SPCA raise money to spay and neuter animals in their care; in order to adopt them out to local families. They are also building a state-of-the-art facility to increase the number of animals in their care; this requires a large amount of fundraising for which I am a part {$400,000 in grants and additional funds for operating expenses}.

Rotary's goal is to eradicate polio by the end of this year and currently only 2 countries have cases left to treat this crippling disease, Pakistan and Afghanistan. We're also sponsoring the building of water treatment plants in Central and South America to eradicate water borne diseases.

I am pleased with how my life's journey has turned out since leaving the prison system. I expect to have my Master's Degree in Social Work next year and, with my CASAC [certified alcohol and substance abuse counselor] certification, will be able to help addicts maintain sobriety, many of whom suffer from underlying mental disorders.

Should you have any questions, or need further clarification, please feel free to contact the undersigned.

Sincerely,

Gary Kiss
CC: Probation Department for the Southern District of NY
     Law Firm of Stephen G. James & Associates, PLLC
Encl.



**STATE OF NEW YORK**
**APPLICATION BY AN ELIGIBLE OFFENDER FOR**
**A CERTIFICATE OF RELIEF FROM DISABILITIES**

FOR COURT OR BOARD OF PAROLE

Docket, File or other Identifying No.

04-cr-00248-1 (JGK)

| 1. Applicant's Last Name | First Name | Middle Initial | 3. NYSID Number (If known) |
|---|---|---|---|
| Kiss | Gary | M | |

2. Address (Street and No., City, State, Zip Code)
21 Leatherstocking Street, Cooperstown, NY 13326

| 4. Sex | 5. Race | 6. Height | 7. Date of Birth |
|---|---|---|---|
| ◉ Male  ○ Female | Caucasian | 5 feet 7 inches | 01/23/1962 |

| 8. Crime or Offense for which Convicted | 9. Date of Arrest | 10. Date of Sentence |
|---|---|---|
| Conspiracy & Distribute Methamphetamine | 02/19/2004 | 06/24/2005 |

11. Court of Sentence (Court, Part, Term, Venue)

US Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Hon. John G. Koeltl, District Judge
Courtroom 14 A

12. Certificate Requested from:
   a. ◉ Court Indicated in No. 11
   b. ○ State Board of Parole

13. If certificate being applied for is intended to replace an existing certificate, enter issue date of original certificate.
Date:
☑ Not Applicable

14. Application is hereby made for a grant of a "CERTIFICATE OF RELIEF FROM DISABILITIES" which will:

   a. ○ Relieve the holder of all forfeitures, and of all disabilities and bars to employment, excluding the right to retain or be eligible for public office, by virtue of the fact that the certificate is issued at the time of sentence.
   b. ◉ Relieve the holder of all disabilities and bars to employment, excluding the right to be eligible for public office.
   c. ○ Relieve the holder of the forfeitures, disabilities or bars to employment hereinafter enumerated

15. The applicant agrees to allow an investigation to be made to determine his/her fitness for a certificate of relief from disabilities, pursuant to Art. 23, Correction Law.

Applicant's Signature _____   Date 9-8-2020

16. **State of New York**

County of _Otsego_

_Gary M. Kiss_ being duly sworn, deposes and says that he/she is the applicant named in the within application; that he/she has read the foregoing application and knows the contents thereof; that the same is true to his/her own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he/she believes it to be true.

Sworn to before me this _8th_ day of _September_ _2020_

KEVIN L. MOORE JR
Notary Public, State of New York
Reg. No. 01MO6385313
Qualified in Delaware County
My Commission Expires December 31, 2022

Signed _____

DPCA-52 (4/04)

Page 1 of 1

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

2004R00370   COPY

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
V.
GARY KISS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: S1 1:04CR00248-001 (JGK)

USM Number: 55980-054

GERALD M. LABUSH
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   COUNTS ONE, TWO AND THREE SUPERCEDING INFORMATION

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 812, 841(a)(1), 841(b)(1),(B) | DISTRIBUTION OF METHAMPHETAMINE | 6/25/2003 | 1 |
| 21 USC 812, 841(a)(1), 841(b)(1),(B) | ATTEMPT TO DISTRIBUTE METHAMPHETAMINE | 6/26/2003 | 2 |
| 21 USC 846 | CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE | 8/8/2003 | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s)  ALL OPEN COUNTS  ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 2, 2005
Date of Imposition of Judgment

_signature_
Signature of Judge

JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

6/14/05
Date

Financial Litigation Unit-NYS
JUL 0 5 2005
Received on

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT:      GARY KISS
CASE NUMBER:    S1 1:04CR00248-001 (JGK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    60 MONTHS, TO RUN CONCURRENTLY ON COUNTS ONE, TWO AND THREE.

X  The court makes the following recommendations to the Bureau of Prisons:
   --THAT THE DEFENDANT BE INCARCERATED AT FCI FORT DIX, NEW JERSEY.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____ ☐ a.m. ☐ p.m. on _____.
   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____.
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

have executed this judgment as follows:

Defendant delivered _____ to _____

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

245B    (Rev. 12/03) Judgment in a Criminal Case
        Sheet 6 -- Schedule of Payments

DEFENDANT:      GARY KISS                                                     Judgment — Page  5  of  5
CASE NUMBER:    S1 1:04CR00248-001 (JGK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

- [ ] Lump sum payment of $ _____ due immediately, balance due
    - [ ] not later than _____ , or
    - [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

- [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

- [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

- [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

- [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

- [X] Special instructions regarding the payment of criminal monetary penalties:

    –THE SPECIAL ASSESSMENT SHALL BE DUE IMMEDIATELY.

    PAYMENT OF THE FINE SHALL BE DUE AS FOLLOWS: $30,000 WITHIN 30 DAYS OF SENTENCE, AND $40,000 PAYABLE AT THE RATE OF 10% OF THE DEFENDANT'S GROSS MONTHLY INCOME BEGINNING 30 DAYS AFTER RELEASE FROM INCARCERATION.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: GARY KISS
CASE NUMBER: S1 1:04CR00248-001 (JGK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 70,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

Restitution amount ordered pursuant to plea agreement $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the   X fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev 12/03) Judgment in a Criminal Case
           Sheet 3A -- Supervised Release

Judgment—Page 3a of 5

DEFENDANT:      GARY KISS
CASE NUMBER:    S1 1:04CR00248-001 (JGK)

## ADDITIONAL SUPERVISED RELEASE TERMS

-THE DEFENDANT WILL PARTICIPATE IN A PROGRAM APPROVED BY THE PROBATION DEPARTMENT FOR SUBSTANCE ABUSE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE IF THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE COURT AUTHORIZES THE RELEASE OF AVAILABLE DRUG TREATMENT EVALUATIONS AND REPORTS TO THE SUBSTANCE ABUSE TREATMENT PROVIDER, AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT WILL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES RENDERED (COPAYMENT), IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED ON ABILITY TO PAY AND AVAILABILITY OF THIRD PARTY PAYMENT.

-THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH PROGRAM APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTINUE TO TAKE ANY PRESCRIBED MEDICATIONS UNLESS OTHERWISE INSTRUCTED BY THE HEALTH CARE PROVIDER. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF SERVICES RENDERED NOT COVERED BY THIRD PARTY PAYMENT, IF THE DEFENDANT HAS THE ABILITY TO PAY. THE COURT AUTHORIZES THE RELEASE OF AVAILABLE PSYCHOLOGICAL AND PSYCHIATRIC EVALUATIONS AND REPORTS TO THE HEALTH CARE PROVIDER.

-THE DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF $70,000. PAYMENT OF THE FINE SHALL BE AS FOLLOWS: $30,000 DUE WITHIN 30 DAYS AFTER THE DATE OF SENTENCE AND $40,000 PAYABLE AT THE RATE OF 10% OF THE DEFENDANT'S GROSS MONTHLY INCOME, BEGINNING 30 DAYS AFTER RELEASE FROM INCARCERATION.

-THE DEFENDANT SHALL PROVIDE THE PROBATION DEPARTMENT, AT THE END OF HIS TERM OF INCARCERATION AND AT THE BEGINNING OF HIS TERM OF SUPERVISED RELEASE, CERTIFICATION FROM A DRUG TREATMENT PROGRAM AT HIS PLACE OF INCARCERATION THAT HE HAS ENTERED AN AVAILABLE PROGRAM AT THE FIRST OPPORTUNITY AND REMAINED IN THE PROGRAM UNTIL THE EARLIER OF HIS RELEASE FROM CONFINEMENT OR THE COMPLETION OF THE PROGRAM, AND THAT HE IS CURRENTLY DRUG-FREE.

AO 245B   (Rev 12/03) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT:    GARY KISS
CASE NUMBER:  S1 1:04CR00248-001 (JGK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   5 YEARS.
--SUPERVISED RELEASE SHALL BE CONCURRENT ON COUNTS ONE, TWO AND THREE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

U.S. DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK



U.S. PROBATION OFFICE
233 BROADWAY, 14TH FLOOR
NEW YORK, NY 10279

MAILING ADDRESS
500 PEARL STREET
NEW YORK, NY 10007-1312
(212) 805-0040

## NOTICE OF DISCHARGE

Name: Gary Kiss

PACTS #: 42769

Offense & Statute: Distribution of Methamphetamine (21 U.S.C. 812(a)(1) & 841(b)(1)(B)), a Class B Felony; Attempt to Distribute Methamphetamine (21 U.S.C. 812, 841(a)(1) and 841(b)((1)(B) & 846), a Class B Felony; Conspiracy to Distribute Methamphetamine (21 U.S.C. 846), a Class B Felony.

Case Number: 04-CR-0248

Register Number: 55980-054

Date sentence imposed: June 2, 2005

Date sentence expired: May 22, 2013

Inasmuch as you have completed supervised release your term of on the date shown above, you are hereby discharged from supervision.

Giavonnii A. Foderingham
U.S. Probation Officer

Date: 5/22/13

INSTRUCTIONS:   Original to releasee
Copy to probation office file

CMPLSENT
(7/99)

Federal Bureau of Prisons

FCI-FTD Drug Education Class 38

Certificate of Completion

KISS, GARY 55980-054

has successfully completed all requirements of the US FBOP Drug Education Course. He has learned about the effects of psycho-active drugs on his mind, body, and spirit. He learned the profound negative effects of drug abuse and addiction not only on himself, but his family, friends, work place, and community. He passed a comprehensive exam and should take pride in a job well done.

David J Kelly
Drug Treatment Specialist
FCI-FTD, NJ
21 Dec 2005

# STATE UNIVERSITY OF NEW YORK

## EMPIRE STATE COLLEGE

ON THE RECOMMENDATION OF THE FACULTY

AND BY VIRTUE OF THE AUTHORITY VESTED IN THEM

THE TRUSTEES OF THE UNIVERSITY HAVE CONFERRED ON

### GARY M. KISS

THE DEGREE OF

### BACHELOR OF SCIENCE

AND HAVE GRANTED THIS DIPLOMA AS EVIDENCE THEREOF
GIVEN IN THE CITY OF SARATOGA SPRINGS IN THE STATE OF NEW YORK
IN THE UNITED STATES OF AMERICA
THIS MONTH OF JULY TWO THOUSAND AND THIRTEEN

*H. Carl McCall*
Chairman of the Board of Trustees

*James W. Gytle*
Chairman of the College Council

Chancellor of the
State University of New York

President of the College



**NEW YORK STATE OFFICE OF ALCOHOLISM & SUBSTANCE ABUSE SERVICES**
*Addiction Services for Prevention, Treatment, Recovery*

Be it Known That

## Gary M. Kiss

Having satisfied the associated requirements is recognized by the State of New York as a

### CREDENTIALED ALCOHOLISM AND SUBSTANCE ABUSE COUNSELOR
### TRAINEE

**Trainee Certificate Number:
26044**



_Arlene González-Sánchez_
Arlene González-Sánchez
Commissioner

Effective Date:   May 10, 2011
Expiration Date: December 02, 2015



THE ROTARY FOUNDATION OF ROTARY INTERNATIONAL

# *Gary M. Kiss*

is hereby named a

## PAUL HARRIS FELLOW

in appreciation of tangible and significant assistance given for the furtherance of better understanding and friendly relations among peoples of the world.

The Rotary Foundation

Brenda Cressey
Chair, The Rotary Foundation Trustees

Barry Rassin
President, Rotary International